Anthony J. Anscombe (SBN 135883)
aanscombe@steptoe.com
**STEPTOE & JOHNSON LLP**
1 Market Plaza, Suite 3900 Spear Tower
San Francisco, CA 94105
Telephone: (415) 365-6700
Facsimile: (415) 365-6699

Melanie Ayerh (SBN 303211)
mayerh@steptoe.com
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Tel:  (213) 439-9400
Fax: (213) 439-9599

Attorneys for Defendant
PRESTIGE CONSUMER HEALTHCARE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BURCHFIELD and JEANNINE BEATY, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>PRESTIGE CONSUMER HEALTHCARE, INC.<br><br>Defendant. | Case No.: 2:20-CV-10717-DSF-RAO<br><br>The Honorable Judge Dale S. Fischer<br><br>**NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF RULING ON DEFENDANT PRESTIGE CONSUMER HEALTHCARE INC.'S MOTION TO DISMISS**<br><br>Date: June 28, 2021<br>Time: 1:30 p.m.<br>Dept: 7D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 28, 2021 at 1.30 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Central District of California, located at 350 West 1st Street, Courtroom 7D, Los Angeles, California, with Honorable Judge Dale S. Fischer presiding, Defendant Prestige Consumer Healthcare Inc ("Prestige") will and hereby does move for reconsideration of the Court's April 16, 2021 Order pursuant to Local Rule 7-18 and Rule 60(b) of the Federal Rules of Civil Procedure.

Under *Bristol-Myers Squibb Co. v. Sup. Ct.*, 137 S.Ct. 1773 (2017), a Court may not exercise personal jurisdiction over a non-resident defendant where the action is brought by a non-resident Plaintiff whose claim lacks any connection to the forum state.

Prestige's motion for reconsideration is made on grounds that the Court, in denying Prestige's request to dismiss Jeanine Beaty ("Beaty") pursuant to Fed. R. Civ. P. 12(b)(2), did not consider factual information presented to it before it issued its ruling. The specific facts, evident from the Complaint, Defendant's brief in support of its motion [D.E. 30], Plaintiff's Opposition [D.E. 32], and Defendants Reply [D.E. 34], disclose that 1) Beaty resides in Illinois and bought the product in Illinois; and 2) that Beaty's dispute with Prestige has no connection to California. Prestige is a citizen of New York and Delaware, and none of the operative facts relating to Beaty's claim occurred in California.

The Court's ruling addressed only the issue of whether the court has personal jurisdiction over Prestige with respect to the claims of *absent* class members who reside outside of California.[1] It did not address whether the Court has personal jurisdiction over Beaty.

---

[1] This Motion for Reconsideration does not address the Court's ruling on non-resident *unnamed plaintiffs*.

1

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF RULING ON DEFENDANT PRESTIGE CONSUMER HEALTHCARE INC.'S MOTION TO DISMISS

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 22, 2021.  Plaintiffs take the position that the Court squarely addressed personal jurisdiction over Beaty at page 16 of its Order, and denied the motion.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings and records in this action, and any other such matters and argument as the Court may consider at the hearing of this motion.

DATED:  April 30, 2021					STEPTOE & JOHNSON LLP


						By:	/s/ Anthony J. Anscombe
							Anthony J. Anscombe
							Melanie Ayerh

							Attorneys for Defendant *PRESTIGE CONSUMER HEALTHCARE, INC.*

2

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF RULING ON DEFENDANT PRESTIGE CONSUMER HEALTHCARE INC.'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Prestige seeks reconsideration of the Court's April 16, 2021 Order (the "Order") [D.E. 44] denying its Motion to Dismiss, pursuant to Rule 12(b)(2), the claims of Jeanine Beaty ("Beaty") for lack of personal jurisdiction. As made clear in Defendant's brief in support of its motion to dismiss, Beaty is a resident of Macon County, Illinois, who allegedly purchased the Infant Product for her six-month-old, in April or May 2020 "at her local Walmart." [D.E. 30-1 at 6 (*citing* FAC ¶ 15, 44-47)]. On numerous occasions in its moving Memorandum and its Reply, Prestige argued that the Court lacked personal jurisdiction over Beaty because neither she nor her claim have any connection to California, or to conduct by Prestige within the state. [D.E. 30-1 at 3, 6, 20-22; D.E. 34 at 1-2; 11-12] Specific personal jurisdiction is therefore lacking under *Bristol-Myers Squibb Co. v. Sup. Ct.*, 137 S.Ct. 1773 (2017), just as general jurisdiction is lacking because Prestige is not "at home" in California.

Plaintiffs recognized that Prestige sought dismissal of Beaty's claim under Rule 12(b)(2), but did not point to any contact between Beaty's claim and the state of California. Instead, Plaintiff relied on policy arguments and on Supreme Court authority that predates *Bristol-Myers*. [D.E. 32 at footnote 15, at pages 23-24.]

The April 16 Order denied Prestige's personal jurisdiction arguments and did not consider material facts and arguments as to the Court's lack of specific personal jurisdiction over Beaty's claims. On the issue of Personal jurisdiction, the Order only addresses "whether the court can exercise specific personal jurisdiction over Prestige for the claims of *unnamed putative class members* arising out of sales of the Product that occurred outside of California." [D.E. 44 at 17 (emphasis added)]. The Order does not address the separate, independent issue of whether a California Court may exercise specific personal jurisdiction over Prestige for the claims brought by Beaty, who lives and purchased the product in Illinois, and

3

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF RULING ON DEFENDANT PRESTIGE CONSUMER HEALTHCARE INC.'S MOTION TO DISMISS

1 where her claim has no link to conduct by Prestige in California. [D.E. 30-1 at 20-
2 22; D.E. 34 at 11-12.]

3 Accordingly, Prestige respectfully requests that the Court reconsider its
4 Order as to the issue of whether the Court may exercise specific personal
5 jurisdiction over Prestige for claims brought by Beaty and, dismiss Beaty's claims
6 for lack of personal jurisdiction under *Bristol-Myers*.

## II. LEGAL STANDARD FOR RECONSIDERATION

A district court has the inherent authority to modify its own rulings before issuing any appealable order. *U.S. v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) ("The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal.") Specifically, Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Moreover, the Local Rules of the Central District of California provide an explicit textual source of authority for a motion for reconsideration. Local Rule 7-18 provides, in relevant part, that "[a] motion for reconsideration of the decision on any motion may be made . . . on the grounds of . . . a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18(c).

## III. ARGUMENT

The April 16 Order acknowledges that Prestige challenged personal jurisdiction as to both Jeannine Beaty *and* the unnamed putative class members outside of California. *See* Order, D.E. 44 at 16 (quoting Mot. at 21). The Court's analysis, however, focused only the latter, without considering the former. *Id*. at 17. The Court concluded that it is swayed by the "majority position" and declined to extend *Bristol-Myers* to bar the Court's jurisdiction over unnamed non-

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF
RULING ON DEFENDANT PRESTIGE CONSUMER HEALTHCARE INC.'S
MOTION TO DISMISS

California putative nationwide class members. Order. at 18-19. All of the cases cited in the Order address the issue of personal jurisdiction over *absent unnamed class members*. *See*, *King v. Bumble Trading, Inc.*, No. 18-CV-06868-NC, 2020 WL 663741, at *4 (N.D. Cal. Feb. 11, 2020)( refusing to apply BMS to class action cases, yet dismissing claims by non-resident Plaintiff for lack of personal jurisdiction); *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 298 (D.C. Cir. 2020))(addressing personal jurisdiction and application of *Bristol-Myers* as to nonnamed putative class members); *Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-CV-05007-RBL, 2020 WL 1469621, at *2 (W.D. Wash. Mar. 26, 2020) (same); *Choi v. Kimberly-Clark Worldwide, Inc.,* No. 8:19-cv-00468-DOC-ADS, 2019 WL 4894120, at *5 (C.D. Cal. Aug. 28, 2019) (same); *Santos v. CarMax Bus. Servs., LLC*, No. 17-CV-02447-RS, 2018 WL 7916823, at *5 (N.D. Cal. May 8, 2018) (same)

   Prestige respectfully requests that the Court consider now whether it has personal jurisdiction of Jeanine Beaty's claim against Prestige.  Based on the evidence set forth above, this Court lacks Personal Jurisdiction over claims brought against an out of state defendant by an out of state Plaintiff for acts unrelated to contacts in the forum state by the out of state Plaintiff. *Bristol-Myers Squibb v. Super. Ct. of Cal.*, *San Francisco Cty.*, 137 S. Ct. 1773 (2017) (holding that California courts do not have specific personal jurisdiction over nonresident defendants where there is no connection between the claims and the defendant's contacts with the forum state.) There is no dispute that Prestige is incorporated and has its principle place of business outside of California. Order, D.E. 44 at 15. There is also no dispute that Beaty is a citizen of Illinois, and that she allegedly purchased the products that are the subject of this litigation in Illinois. [D.E. 30-1 at 6 (*citing* FAC ¶ 15, 44-47). Beaty has no connection to Prestige's conduct in California, and therefore cannot bring her claim in California. *See*, *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020);  *Pilgrim v. Gen. Motors*

5

*Co.*, 408 F. Supp. 3d 1160, 1167-1168 (C.D. Cal. 2019) (no personal jurisdiction over non-California residents' products liability claims against nonresident manufacturer); *Gaines v. Gen. Motors, LLC*, No. 17CV1351-LAB (JLB), 2018 WL 3752336, at *1-3 (S.D. Cal. Aug. 7, 2018) (no basis for Court to exercise personal jurisdiction over the proposed out-of-state named plaintiffs' claims against non-resident class action defendant arising entirely from out-of-state activities); *In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*, No. 16-cv-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) ((granting motion to dismiss for lack of personal jurisdiction based on *Bristol-Myers* as to claims of named plaintiffs seeking to represent a statewide class of non-forum residents proceeding under non-forum law.)

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court reconsider its Order and grant Defendant's Motion to Dismiss for lack of personal jurisdiction as to the claims brought by Jeannine Beaty.

DATED:  April 30, 2021                STEPTOE & JOHNSON LLP

By:   /s/ Anthony J. Anscombe
      Anthony J. Anscombe
      Melanie Ayerh
Attorneys for Defendant *PRESTIGE CONSUMER HEALTHCARE, INC.*

6

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF RULING ON DEFENDANT PRESTIGE CONSUMER HEALTHCARE INC.'S MOTION TO DISMISS